IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-02742-RBJ

MATTHEW GIBLIN,

    Plaintiff,

v.

JOHN SLIEMERS and PATRICIA SLIEMERS,

    Defendants.

---

### ORDER

---

Defendants move for relief from a previous order issued by this Court. The motion is denied.

## I. BACKGROUND

As summarized in previous orders, this case involves a gas explosion at a cabin owned by defendants John and Patricia Sliemers that injured plaintiff Matthew Giblin. Mr. Giblin was renting the Sliemers' cabin and attempted to relight the pilot light on the cabin's water heater when propane gas that had leaked into the air exploded. Mr. Sliemers had installed a number of water heaters in the Sliemers' rental units over the years without incident. However, Mr. Sliemers is not a plumber. He installed the water heater in question without the assistance of a plumber or other professional, without a plumbing permit, and without reading the manufacturer's instructions, which recommended the installation of a gas detector.

Mr. Giblin has alleged a violation of the Colorado Premises Liability Act ("CPLA"), C.R.S. 13–21–115, which is Colorado's exclusive framework for landowners' duties to

individuals that occupy the land. *Vigil v. Franklin*, 103 P.3d 322, 326 (Colo. 2004). It provides that an "invitee," such as Mr. Giblin, may recover by establishing: (1) that the landowner "actually knew or should have known" of a danger on the premises; and (2) that the landowner's action or inaction constituted an unreasonable failure to exercise reasonable care to protect the plaintiff from that danger. *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 570 (Colo. 2008).

Defendants moved for a summary judgment dismissing the case. In an order issued on November 24, 2015 the Court concluded that the "danger" for purposes of the statutory test was a gas leak in the cabin's propane piping system that caused gas to pool in the basement and a risk of an explosion. ECF No. 53 at 8. However, the Court found that Mr. Giblin had failed to come forward with evidence sufficient to generate a fact dispute as to whether defendants "actually knew or should have known" of the danger, that is, that he had actual or knowledge or constructive knowledge of the danger. *Id.* at 8–12. For that reason the Court granted defendants' motion and entered judgment in their favor on November 25, 2015. ECF No. 54.

Mr. Giblin moved for reconsideration, which the Court granted in part. Essentially, the Court concluded that its focus on the Sliemers' failure to obtain a plumbing permit had been too narrow. ECF No. 62 at 5. Now defendants, pursuant to Rule 60(b), ask the Court to reconsider the reconsideration.

## II. ANALYSIS

The pending motion is critical of the Court's comments concerning "foreseeability," suggesting that I applied a common law negligence concept that was preempted by the premises liability statute. That misconstrues the order. Referring to common law landlord liability cases in which courts considered the foreseeability and likelihood of injury in determining a

landowner's liability, I wrote: "While the Colorado Premises Liability Act erased this common law inquiry, foreseeability remains inherent in the determination of whether a landowner should have known that a danger existed." ECF No. 62 at 7.  That, to me, is simple common sense.  If a danger was not foreseeable, then it is hard for me to understand how one would conclude that the landowner should have known that it existed.

The statute did not render "foreseeability" a bad word, nor did it establish that concepts relevant to common law negligence necessarily are irrelevant when discussing a landowner's duties to an invitee.  Consider, for example, Justice Martinez's discussion of "negligence per se" in the *Lombard* case.  He acknowledged that "[t]he language of the premises liability statute makes clear that a party may no longer bring a negligence per se *claim* against a landowner to recover for damages caused on the premises." 187 P.3d at 574 (emphasis in original).  However, he continued, "in addressing the premises liability statute, it is an entirely separate question whether proof of the landowner's violation of a statute intended for the plaintiff's protection is evidence of the landowner's 'unreasonable failure to exercise reasonable care.'" *Id.*

Under *Vigil,* the only issue of law concerning a landowner's duty is the classification of the plaintiff as a trespasser, licensee, or invitee.  103 P.3d at 328.  The classification of Mr. Giblin as an "invitee" is not disputed.  Whether the landowner should have known of the relevant danger, and if so, whether he unreasonably failed to exercise reasonable care to protect the invitee from that danger are questions of fact to be determined by the trier of fact.  *Id.*  To defeat a motion for summary judgment Mr. Giblin was obliged to come forward with sufficient admissible evidence to create genuine and material issues concerning what Mr. Sliemers should

have known about the danger of a gas leak in the cabin, and whether he took reasonable steps to protect Mr. Giblin from that danger. I remain convinced that he has done so.[1]

## ORDER

For the reasons set forth above, plaintiff's motion for reconsideration [ECF No. 64] is DENIED.

DATED this 19th day of December, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

---

[1] Defendants rely on *McIntire v. Trammel Crow, Inc.,* 172 P.3d 977(Colo. App. 2007). The court affirmed a summary judgment, noting that "[t]he trial court granted the motion after concluding, among other things, that the manager [of a building] neither knew, nor had reason to know, that the pulley [being used by construction workers to lift wallboard while repairing skylights] was inadequately moored and was, therefore, dangerous." *Id.* at 978–79. I interpret this as implicitly saying that the injured worker had not come forward with evidence sufficient to create a triable issue of fact on whether the manager knew or should have known of the danger. I find nothing in *McIntire* that is inconsistent with my conclusions in the present case.